Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:        (619) 233-7770
Office Fax Number:    (619) 297-1022

Attorneys for Mary A. Walters

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Mary A. Walters, | Case No: _____ |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| Allianceone Receivables Management, Inc., | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. Mary A. Walters, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Allianceone Receivables Management, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

7. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

### JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Plaintiff is a natural person who resides in the City of Chino, County of San Bernardino, State of California.

11. Plaintiff resides in San Bernardino County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Defendant contacting Plaintiff at Plaintiff's place of employment after Plaintiff informed Defendant that it was inconvenient for

Defendant to contact Plaintiff by telephone at Plaintiff's place of employment, Plaintiff was physically located in the City of Chino, County of San Bernardino, State of California.

13. Because a substantial part of the events or omissions giving rise to the claim occurred in San Bernardino County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

15. Plaintiff is a natural person who resides in the City of Chino, State of California.

16. Defendant is located in the City of Trevose, in the State of Pennsylvania.

17. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

20. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

22. Sometime before December 4, 2016, Plaintiff is alleged to have incurred certain financial obligations with Capital One Bank (USA), N.A.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, but before December 4, 2016, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

26. Subsequently, but before December 4, 2016, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

27. On or about December 4, 2016, Defendant contacted Plaintiff by telephone at Plaintiff's place of employment, at which time Plaintiff informed Defendant over the phone to cease contacting Plaintiff at Plaintiff's place of employment as it was inconvenient for Plaintiff to take calls at her place of employment and that Plaintiff was not allowed to take calls at her place of employment.

28. Despite Plaintiff informing Defendant over the phone to cease contacting Plaintiff at Plaintiff's place of employment, Defendant continued to contact Plaintiff at Plaintiff's place of employment on numerous occasions.

29. On or about December 5, 2016, Defendant contacted Plaintiff by telephone at Plaintiff's place of employment, at which time Plaintiff again informed Defendant over the phone to cease contacting Plaintiff at Plaintiff's place of employment as it was inconvenient for Plaintiff to take calls at work.

30. On or about January 6, 2017, January 9, 2017, through January 11, 2017, January 17, 2017, January 23, 2017, January 26, 2017 through January 28, 2017, February 10, 2017, February 17, 2017, February 24, 2017, March 13, 2017, March 27, 2017 and April 4, 2017, despite previously being informed by Plaintiff that it was inconvenient for Plaintiff to receive phone calls at her place of employment, Defendant continued to contact Plaintiff at Plaintiff's place of employment.

31. Plaintiff believes Defendant contacted her on multiple other dates by telephone at her place of employment after being informed by Plaintiff that it was inconvenient for Plaintiff to receive phone calls at her place of employment.

32. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at the consumer's place of employment when Defendant knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communication.  Consequently, Defendant violated 15 U.S.C. § 1692c(a)(3).

33. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal

Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

34. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

35. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

36. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

39. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to

$1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

40. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: April 12, 2017

By: *s/ Crosby S. Connolly*
Crosby S. Connolly
Attorneys for Plaintiff